IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PETRO SNEGIREV,<br><br>                    Plaintiff,<br><br>vs.<br><br>HONORABLE JOHN W. SEDWICK,<br>Judge of the United States District Court<br>for the District of Alaska, and<br>HONORABLE JAMES K. SINGLETON,<br>JR., Judge of the United States District<br>Court for the District of Alaska,<br><br>                    Defendants. | Case No. A05-0280 CV (JKS)<br><br>O R D E R |

      Petro Snegirev brings this action against two Judges of the United States District Court for the District of Alaska complaining of orders issued by the judges in criminal and civil litigation involving Snegirev. Snegirev was charged in an indictment, tried to a jury, convicted, and sentenced for certain federal drug offenses. *United States v. Snegirev*, A05-0024 CR (JWS). Chief Judge Sedwick was randomly assigned to preside. During the course of the proceedings, but before jury trial, Snegirev sought to "fire" his appointed counsel, Kevin McCoy, an attorney with the Federal Defender, and substitute counsel from the Criminal Justice Act panel. Snegirev alleged that he had developed irreconcilable differences with McCoy, leading to a complete breakdown in the relationship. Chief Judge Sedwick held the first of what would become a series of hearings pursuant to *Schell v. Witek*, and denied the motion. 218 F.3d 1017 (9th Cir. 2000) (en banc) (discussing proper procedure when criminal defendant seeks to discharge or substitute counsel while case is pending).

1

The case then went to trial and Snegirev was convicted. Snegirev filed a petition for habeas corpus seeking review of his earlier motion to discharge counsel. Snegirev filed additional motions "pro se." Chief Judge Sedwick denied those motions and dismissed the petition for habeas corpus as premature since Snegirev had not yet been sentenced. Eventually, Chief Judge Sedwick referred the criminal case to this Court for the limited purpose of ruling on a motion for reconsideration of the dismissal of the habeas petition and whether to grant a certificate of appealability. That was this Court's first connection with the case. The substance of Snegirev's complaints in his habeas petition turned on his claim that he was being denied effective assistance of counsel because of an alleged breakdown in communications with his appointed counsel. In some cases the judges of this district have found it wise to make a limited referral of *Schell* hearings to another judge in order to protect the defendant because of the possibility that potentially damaging material could surface at an evidentiary hearing. On August 30, 2005, this Court therefore issued an order scheduling a second *Schell* hearing. A05-0024 CR (JWS), Docket No. 51. This Court held a hearing, heard from Snegirev, and appointed counsel. The Court explained that Snegirev's claims were without merit. After the hearing this Court filed a second written order on September 8, 2005, in which it summarized the applicable law, denied reconsideration of the order denying the petition for habeas corpus, and declined to authorize an appeal finding that Snegirev's claims were frivolous. A05-0024 CR (JWS), Docket No. 59

In the meantime, Snegirev brought a civil action against his appointed counsel, Mr. McCoy, essentially arguing that McCoy provided him ineffective assistance of counsel in the criminal case and thereby violated Snegirev's civil rights. A05-0211 CV (JWS); *see also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The civil case was assigned to Chief Judge Sedwick who entered an order dismissing it. *See Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994) (holding that a civil law suit is premature if a favorable ruling would undermine an existing criminal conviction until the conviction is set aside); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (extending *Heck* to *Bivens* actions in federal court). Snegirev then brought a motion seeking Chief Judge Sedwick's recusal pursuant to 28 U.S.C. § 144. Chief Judge Sedwick initially denied the motion to recuse and referred the matter to this Court. As a basis for recusal Snegirev

ORDER

argued that Chief Judge Sedwick's orders denying Snegirev's pro se motions were clearly erroneous and demonstrated bias. *But see Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Of course, this was the precise issue that this Court reviewed at the prior *Schell* hearing. In an order dated September 26, 2005, this Court denied the request for Chief Judge Sedwick's recusal, finding it without merit. *See* A05-0211 CV (JWS), Docket No. 7. The three orders referred to above comprise this Court's total involvement with Snegirev up to this point.

## DISCUSSION

### I.  Sua Sponte Recusal

Snegirev has now filed a *Bivens* action against Chief Judge Sedwick and this judge. The case was randomly assigned to this judge. Typically the Court, seeing itself named as a defendant, would sua sponte recuse. *See* 28 U.S.C. § 455 ("Any justice, judge, or magistrate judge of the United States shall disqualify himself . . . [if he] is a party to the proceeding."). In this case, however, the Court hesitates to do so.

Snegirev has sued both Chief Judge Sedwick and this judge, leaving only one active district judge to hear the case—Judge Beistline. Given a predictable ruling by Judge Beistline, it is likely that Snegirev will sue Judge Beistline. The District of Alaska is relatively small, with currently two active judges and four senior judges. Allowing frivolous lawsuits to remain pending against active judges based only upon their adverse rulings, while the Court scrambles to find a judge to hear them, presents a significant burden.

Section 455 is mandatory and does not directly provide for exceptions. Some courts, however, have recognized two exceptions, neither of which is strictly applicable here. First, where a litigant has sued all of the judges in a district, the rule of necessity allows one of the judges sued to preside over the case. While the ability to arrange for an out of circuit or out of district judge to preside exists, it has not been deemed necessary in such cases. *See Bolin v. Story*, 225 F.3d 1234, 1238–40 (11th Cir. 2000) (explaining that when litigant sues all judges but one, rule of necessity

ORDER

permits court to hear case and reject recusal). The rule of necessity does not apply here because Judge Beistline is technically available to hear this case.

A second exception to mandatory recusal arises when, during the course of a proceeding, a litigant becomes dissatisfied with the presiding judge and, in the hope of forcing that judge out of the case, brings a second action against the judge. *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks." (Citations omitted)). It is uniformly held that in such cases the judge is not disqualified from continuing in the first case. At issue here, of course, is the second civil case naming the judges involved in Snegirev's earlier criminal case and civil suit against McCoy.

In this Court's view, there should be a third exception to the rule of automatic sua sponte recusal: Where a claim against the assigned judge is so wholly frivolous that there is no jurisdiction, the assigned judge should be able to decline to recuse and proceed with dismissing the case. Similar to the situation where a disgruntled litigant employs a lawsuit to judge shop, cases like this one impose burdens on the court system that should not be tolerated. Where a claim is so insubstantial that it may be dismissed for lack of jurisdiction, requiring multiple judges to consider the same record in order to reach an unavoidable dismissal is a waste of judicial resources.

In this instance, two judges have already reviewed the record in Snegirev's case and rendered decisions he is dissatisfied with. This suit is an attempt to force a third judge to review the record. The Court will therefore evaluate whether Snegirev's complaint is so wholly frivolous as to defeat subject matter jurisdiction before determining whether recusal is appropriate, despite being a named defendant. In the event the complaint is not frivolous, or could be amended to state a claim, this Court will recuse and Judge Beistline will perform the screening contemplated by 28 U.S.C. §§ 1915 and 1915(A). Should the Court determine, however, that the complaint is wholly frivolous the Court will not recuse and will instead dismiss the case for lack of subject matter jurisdiction.

**II.   Subject Matter Jurisdiction**

In addition to the its duty to consider sua sponte recusal, the Court has a duty to determine whether it has subject matter jurisdiction before proceeding in any case. *See Scholastic Entm't, Inc.*

ORDER

*v. Fox Entm't Group, Inc.*, 336 F.3d 982 (9th Cir. 2003). If claims are wholly frivolous, district courts lack subject matter jurisdiction to consider them. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (finding that district courts may dismiss frivolous complaints sua sponte even when a plaintiff has paid required filing fee). However, it is possible for a complaint to fail to state a claim and still not be wholly frivolous, particularly when the claimant is a pro se prisoner. Where a pleading is defective but could be amended to state a claim, an opportunity must be afforded the pro se plaintiff to seek such an amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). When a claim is so defective that amendment could not possibly cure the complaint, the suit may be dismissed as frivolous without leave to amend for lack of subject matter jurisdiction. *See Scholastic Entm't, Inc.*, 336 F.3d at 985–86 (stating that a judge may dismiss for lack of subject matter jurisdiction sua sponte without giving notice or an opportunity to amend).

      Construing Snegirev's complaint liberally in his favor, he objects to rulings by the two judges sued. He does not allege that he has ever seen either judge outside a courtroom. He does not contend that he was injured by any non-judicial or administrative act. Instead, Snegirev contends that Chief Judge Sedwick violated his constitutional right to a fair trial in his criminal case by refusing to substitute counsel and that this Court similarly violated Snegirev's rights by not causing a substitution. Snegirev sought substitution due to his counsel's refusal to seek suppression of evidence. It was explained to Snegirev by his counsel and by two district judges that the suppression he wanted his counsel to seek was based upon state rules that do not apply in federal court. He was informed that the motion, if filed, would be rejected out of hand.

      Judges enjoy absolute immunity from *Bivens* suits for their rulings, even if those rulings are clearly erroneous and maliciously motivated. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). While there might be a limited right to sue a judge for an injunction, the only future relief Snegirev seeks is vacatur of his criminal conviction. *See Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984). That is not a remedy this Court can grant unless the conviction is set aside in a separate proceeding. *Heck*, 512 U.S. at 484–87.

ORDER

Snegirev's criminal case is on appeal. The appellate court has not ruled on the appeal at all, much less set aside Snegirev's conviction. In fact, the problem in this case is that an appeal provides an adequate remedy for all of the injuries Snegirev claims and he is unwilling to allow his criminal case to run its course before filing motions and proceedings that are frivolous on their face. No declaratory judgment has been entered invalidating his earlier conviction or establishing the claims he makes, as required by statute before an injunction may be granted against a federal judge. Additionally, it is debatable whether *Pulliam* even applies in federal court. *See Bolin v. Story*, 225 F.3d at 1240–42 (citing amendments to 42 U.S.C. § 1983 that limit the circumstances under which state judges may be sued for an injunction to cases where an existing declaratory judgment is denied); *Mullis v. United States Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1392–93 (9th Cir. 1987) (noting that a litigant may not sue a federal judge in reliance on *Bivens* for judicial acts even in cases where remedies sought are limited to an injunction or declaratory relief).

Snegirev argues that judicial immunity does not apply because the rulings about which he complains violate clearly established law. While he is mistaken about the specific rulings, such a claim might survive an assertion of *qualified* immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982). By contrast, *judicial* immunity is absolute and extends to rulings that conflict with clearly established law. Snegirev's claims based on adverse rulings are foreclosed by decisions of the United States Supreme Court. *See Mireles*, 502 U.S. at 11–12 (finding that judges have absolute judicial immunity for decisions they make and orders they enter in the course of judicial proceedings). His claim is insubstantial and wholly frivolous and could not be amended to state a viable claim. *See Hagans v. Lavine*, 415 U.S. 528, 536–39 (1974) (defining an insubstantial claim as one that is inescapably rendered frivolous by prior decisions). The Court, therefore, lacks subject matter jurisdiction to hear the case. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (explaining that a district court may sua sponte dismiss a frivolous claim for lack of subject matter jurisdiction even if the filing fee is paid); *Dilworth v. Dallas County Cmty Coll. Dist.*, 81 F.3d 616 (5th Cir. 1996) (same).

Snegirev persists in what can only be described as recreational litigation for his own amusement. Perhaps he enjoys some slight victory by harassing the justice system and diverting

ORDER

resources from other cases. Time spent reviewing frivolous pleadings is necessarily time unavailable for other more meritorious cases. The Court will not tolerate wholly frivolous pleadings that aim only to harass and create delay in adjudicating matters of substance.

**IT IS THEREFORE ORDERED:**

The complaint in this action is **DISMISSED** for lack of subject matter jurisdiction. The Clerk is directed to enter judgment dismissing this action with prejudice **PROVIDED** that entry of judgment shall be deferred until January 20, 2006, to enable Snegirev to file a motion for recusal pursuant to 28 U.S.C. § 144. The Court finds that this action is wholly frivolous and will not certify that an appeal could be taken in good faith with the exception of the failure to sua sponte recuse pursuant to 28 U.S.C. § 455. Should Snegirev wish to appeal the merits of this Court's decision, i.e. whether the case is in fact frivolous, he must petition a motions panel of the Ninth Circuit to authorize his appeal

Dated at Anchorage, Alaska, this 5 day of January 2006.

                                                JAMES K. SINGLETON, JR.
                                                United States District Judge

ORDER